## PEOPLE v. BROWER.

### (Supreme Court, General Term, Third Department. July 6, 1889.)

#### WITNESS—PRIVILEGE—STATEMENTS TO PHYSICIAN.

Defendant was indicted for manslaughter in aiding a woman to produce a miscarriage. He entered the office of a physician, and stated that the woman in question was very sick, and that the physician must come at once. Upon the physician's saying, in answer to a question, that he would like to know what the difficulty was before leaving the office, as such knowledge would enable him to provide himself with the proper remedies, defendant informed him that the woman was about three months advanced in pregnancy; that she inserted a catheter into her womb, and that defendant then blew into it; that he did so because the same process had proved successful on a former occasion. *Held*, that such statements to the physician were privileged, under Code Civil Proc. N. Y. § 834, forbidding a physician "to disclose any information which he acquires in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity."

Appeal from court of oyer and terminer, Rensselaer county.

Defendant, Franklin V. Brower, appeals from a judgment of conviction under an indictment for manslaughter in the first degree. The indictment was under Pen. Code, § 191, and charged defendant with aiding and assisting one Mary A. Brower in performing, by means of an instrument, an operation

upon her person with intent to produce a miscarriage, from the effect of which she died; such operation not being necessary to preserve her life.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*T. S. Fagan* and *J. K. Long*, for appellant. *Lewis E. Griffith*, Dist. Atty., for the People.

LANDON, J. On the night of the 18th of June, 1888, the defendant called upon Dr. Crounse, a person duly authorized to practice physic and surgery, and employed him to attend Mary A. Brower, who was at the residence of her parents in Grant's hollow, Rensselaer county, about three-fourths of a mile from Dr. Crounse's office. The defendant was urgent. The doctor testified that upon coming into his office the defendant said: "For God's sake, hurry up; my wife has a fit, or fainted, or something. I don't know what." "He said: 'Probably you would like to know what the difficulty is before you leave the office.' I said, 'Yes; it might be a help to me, because I might need something that I wouldn't take with me.' He said, 'This lady down to the house I am living with I am not married to, but I expect to get a divorce from my other wife, and get married. This lady is about three months gone in the family way, and she introduced a catheter with a wire in her womb, and after she had introduced it far enough to hurt her, I blew in it.' I said, 'What did you blow in it for?' He said, 'I done it before, and it worked all right.'" Dr. Crounse testified that upon the defendant's statement he considered the case an emergency; that this was important. He had previously prescribed as a physician for the defendant, and for one of the children of Mrs. Brower; that on the present occasion he went immediately with the defendant to the house where Mrs. Brower was. He found her lying upon a bed, unconscious, and, as we judge from his testimony, in a dying condition, and she died in about half an hour. Two physicians, who made an autopsy, testified that in their opinion the woman died from the shock caused by the injection of air into the uterus. Aside from the testimony of Dr. Crounse there was no evidence tending to connect the defendant with any operation to procure a miscarriage. The testimony of Dr. Crounse respecting the statement made to him by the defendant was duly objected to by his counsel, under section 834 of the Code of Civil Procedure. The objection was overruled by the court, obviously in deference to the case of *Pierson* v. *People*, 79 N. Y. 427.

Section 834, Code Civil Proc., made applicable to criminal trials by section 392, Code Crim. Proc. Section 834 forbids the physician "to disclose any information which he acquires in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity." In civil cases the rule has been rigidly applied. The *Pierson Case* was one of poisoning. The attending physician was permitted to testify to the symptoms and condition of the patient, as he found them from an examination openly made in the presence of the patient's wife and the prisoner, and as he also learned them from the patient, his wife, and the prisoner. This testimony was admitted. as we understand the ruling, because, although the facts presented brought the testimony within the letter of the act, they did not bring it within the spirit. The court remarked, respecting the information acquired by the physician in attending his patient: "There was nothing of a confidential nature in anything he learned or that was disclosed to him. The symptoms and condition were such as might be expected to be present in a case of arsenical poisoning." Stress also was laid upon the fact that in no way was the confidence, feelings, or character of the patient affected by the disclosure.

The present case is widely different. The defendant employed the physician to try to save Mrs. Brower's life. His alarm and anxiety were great. He knew what had taken place, and suspected that it was the cause of her

sudden prostration, and felt that the physician ought to know it, and to govern his treatment accordingly. The physician did want to know. In this critical moment, with the sole purpose of saving the woman's life, he disclosed the secret to the physician to enable him to act rightly. To have withheld the disclosure would have made the defendant a consenting party to the woman's death. We have no doubt that the statute, both in its letter and spirit, protects the confidence thus reposed in the physician, and forbids him to betray it. With this testimony stricken out there remains practically nothing to sustain the conviction. The judgment of conviction and sentence must be reversed, and a new trial granted. All concur.